# IN THE COURT OF APPEALS OF IOWA

No. 24-0367
Filed August 6, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**THOMAS ALLEN DOHERTY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Guthrie County, Terry Rickers, Judge.

        A defendant appeals his conviction for eluding a pursuing law enforcement vehicle, alleging insufficient evidence supports the conviction.  **AFFIRMED.**

        Heidi Miller (until withdrawal) of The Law Office of Heidi Miller, Pleasantville, and Jane White of Gribble Boles Stewart & Witosky Law, Des Moines, for appellant.

        Brenna Bird, Attorney General, and David Banta, Assistant Attorney General, for appellee.

        Considered without oral argument by Tabor, C.J., Langholz, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**VOGEL, Senior Judge.**

What began as an attempted traffic stop quickly turned into a car chase after Thomas Doherty sped away from a Guthrie County Sheriff's Deputy down a rural gravel road. A jury convicted Doherty of third-degree eluding a pursuing law enforcement vehicle and driving while barred. Doherty now appeals, arguing insufficient evidence supports his eluding conviction. Because substantial evidence supports the jury's finding that Doherty willfully eluded a marked law enforcement vehicle after being given visual and audible signals to stop, we affirm.

### I.        Factual Background and Proceedings.

On July 2, 2023, the Deputy passed an oncoming vehicle without a front license plate. The vehicle was being driven by Doherty. The Deputy made a U-Turn to pursue Doherty and followed him onto a gravel road. The Deputy engaged his vehicle's lights and sirens, but Doherty kept driving. The Deputy continued his pursuit and despite driving roughly eighty miles per hour at times—far above the fifty-five miles per hour speed limit for gravel roads—he was unable to catch Doherty. For nearly six minutes, Doherty fled from the Deputy, only stopping and pulling over after his exhaust pipe was knocked loose.

The State charged Doherty with eluding a pursuing law enforcement vehicle and driving while barred. *See* Iowa Code §§ 321.279, .561 (2023). During a one-day jury trial, both the Deputy and Doherty testified. Doherty acknowledged turning onto the gravel road to avoid the Deputy but was adamant he never saw any lights or heard any sirens indicating he needed to pull over. The jury found Doherty guilty of both offenses—serious and aggravated misdemeanors—and he was sentenced

to two concurrent sixty-day periods in jail. Doherty now appeals the eluding conviction, arguing it is not supported by substantial evidence.

## II.    Analysis.

"We review sufficiency-of-evidence claims for correction of errors at law and will uphold the jury's verdict if it is supported by substantial evidence." *State v. Kieffer*, 17 N.W.3d 651, 655 (Iowa 2025). Substantial evidence is that which "is sufficient to convince a rational fact finder the defendant is guilty beyond a reasonable doubt." *Id.* (cleaned up). Throughout our "highly deferential" review, we will "draw all legitimate inferences and presumptions that may fairly and reasonably be deduced from the record in favor of the State." *State v. Stendrup*, 983 N.W.2d 231, 241 (Iowa 2022).

If a driver "willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked or unmarked official law enforcement vehicle driven by a peace officer after being given a visual and audible signal to stop," the driver commits the serious misdemeanor of eluding a pursuing law enforcement vehicle. Iowa Code § 321.279(1)(a). Doherty argues the State never proved that he willfully eluded the Deputy because he testified that he did not see the Deputy's lights, nor did he hear any sirens, and thus he was unaware he needed to pull over.

However, Doherty overlooks that his testimony was not the only evidence before the jury. The Deputy's dash camera captured much of the pursuit, which showed the Deputy engaging his sirens and pursuing Doherty at a high rate of speed. Considering Doherty's concession that he initially turned down the gravel road to avoid the Deputy, coupled with the Deputy being unable to catch him despite driving eighty miles an hour, the jury could reasonably reject Doherty's

testimony that he was unaware of the pursuing law enforcement vehicle as implausible. Ultimately, Doherty's appeal asks us to independently weigh the evidence and find his testimony more credible than the Deputy's. This we may not do. *See State v. Howard*, 14 N.W.3d 763, 767 (Iowa Ct. App. 2024) (instructing that "sort[ing] out witness testimony" is "for the jury to decide—not for us to second-guess on appeal").

Viewing the evidence in the light most favorable to the State, substantial evidence supports the finding that Doherty willfully eluded the pursuing Deputy. Thus, we affirm Doherty's conviction.

**AFFIRMED.**